# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>David HOLGUIN (1),<br>Connie FLORES-Trujillo (2),<br><br>　　　　　　Defendants. | Case No.   25MJ8441-LR<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1324(a)(1)(A)(ii) Transportation of Illegal Aliens (Felony) |

　　The undersigned complainant being duly sworn states:

　　On or about May 22, 2025, within the Southern District of California, defendants David HOLGUIN and Connie FLORES-Trujillo, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, Alejandro FLORES-Arzola, had come to, entered or remained in the United States in violation of law, did transport or move, or attempt to transport or move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324.

　　And the complainant states this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

　　　　　　　　　　　　　　　　　　　　*Fernando Quiroz*
　　　　　　　　　　　　　　　　　　　　FERNANDO QUIROZ
　　　　　　　　　　　　　　　　　　　　BORDER PATROL AGENT

　　Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 23rd day of May 2025.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　HON. LUPE RODRIGUEZ, JR.
　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE

UNITED STATES OF AMERICA
      v.
David HOLGUIN (1),
Connie FLORES-Trujillo (2).

## STATEMENT OF FACTS

On May 22, 2025, at approximately 8:05 a.m., Border Patrol Agent (BPA) E. Mejorado was assigned to the Mountain Disrupt Unit (MDU) and conducting patrol approximately 28 miles west of the Calexico West Port of entry, and 7 miles north of the United States/Mexico International Border Fence (IBF). This area consists of mountainous, rocky, desert terrain and is frequently used by illegal aliens and smugglers due to its proximity to Interstate 8 (I-8), which offers direct access to San Diego and Yuma.

BPA Mejorado was parked in the median of Interstate 8 when he observed a black 2015 Infiniti Q50 pass his location headed eastbound on I-8 near the "1000-foot sign", which is approximately three miles west of Ocotillo, California. As the Infiniti passed his location, he observed the vehicle had no front license plate but had a rear California license plate. BPA Mejorado knows that under California law, two license plates are required. BPA Mejorado also read in a recent report from the El Centro Sector Intelligence Unit regarding tactics, techniques and procedures used by smuggling organizations in the El Centro Station area of responsibility, that license plates are removed to avoid detection. BPA Mejorado observed three subjects inside the Infiniti, consisting of a driver, front passenger, and a passenger in the rear seat of the vehicle.

As they passed his location, he observed the driver and passenger stare at him with wide eyes and a "Deer in headlights" look. BPA Mejorado then pulled alongside the Infiniti to better look inside. As BPA Mejorado was next to the Infiniti, none of the occupants would look in his direction. The driver had a tight grip on the steering wheel and was staring rigidly straight ahead. BPA Mejorado then got behind the Infiniti. When BPA Mejorado initially got behind the Infiniti, they were travelling approximately 75 miles per hour (mph), but once behind the Infiniti, they began tapping their brakes repeatedly, slowing down to approximately 65 mph. BPA Mejorado also observed the rear passenger

sink down in the rear seat, attempting to conceal himself from view. BPA Mejorado ran checks on the license plate through El Centro Sector Communications dispatch. Record checks revealed that the Infiniti was registered out of Lynwood, California and had a Release of Liability. BPA Mejorado knew from the recent sector intelligence reports that a far majority of vehicles used by smugglers are registered in the state of California and most of those are located outside of Imperial County. For a person living in the Los Angeles area, taking I-8 is not the most effective route of travel. It adds an additional fifteen miles traveling through San Diego, California compared to utilizing nearby Highway 86.

BPA Mejorado initiated a vehicle stop on the Infiniti at approximately 8:11 a.m. The vehicle yielded on I-8, and once the vehicle came to a stop, the driver, later identified as David HOLGUIN (HOLGUIN), without instruction, rolled down his window and raised both of his hands outside the vehicle. BPA Mejorado approached the vehicle to interview the occupants. As he approached the Infiniti, BPA Mejorado observed the rear passenger, later identified as Alejandro FLORES-Arzola (FLORES-Arzola), attempting to conceal himself by curling down on the seat and covering himself with a sweater. BPA Mejorado noticed that FLORES-Arzola had "cholla," a common cactus-like plant found predominantly in the wilderness around the Mexican-American border, stuck to his clothing. BPA Mejorado identified himself as a Border Patrol Agent and questioned HOLGUIN where he was coming from. The front passenger, later identified as Connie FLORES-Trujillo (FLORES), responded that they were coming from the beach. BPA Mejorado did not observe any occupants wearing beach attire, no beach sand in the vehicle, or beach related items.

BPA A. Lencsak arrived on scene and questioned all three subjects as to their citizenship. HOLGUIN and FLORES were determined to be United States Citizens. FLORES-Arzola was determined to be a citizen of Mexico with no documentation to enter or remain in the United States legally. All subjects were placed under arrest and transported to the El Centro Border Patrol Station for further processing where their biographical data was entered into E3 NextGen.

Material Witness FLORES-Arzola stated that he was born in and is a citizen of MEXICO. FLORES-Arzola stated he was given the number to a smuggler that operated out of Tecate, Baja California, Mexico. FLORES-Arzola stated that his destination was Palm Desert, California. FLORES-Arzola stated he was to be charged $8,500.00 USD to be transported. Once in the United States, FLORES-Arzola was guided to a parking lot next to a nursery and told to get into either a white or black car waiting in the parking lot. FLORES-Arzola got into a black car with a male driver, identified as HOLGUIN, and a female passenger, identified as FLORES. Once in the vehicle, FLORES instructed FLORES-Arzola, in Spanish, to surrender his cell phone to her and instructed him to lay down in the back seat. FLORES-Arzola was told by HOLGUIN that he was to take him to a house in El Centro and that another vehicle would be picking him up and transporting him to his destination. As the three subjects passed U.S. Border Patrol Agent on the highway, FLORES gave instructions to FLORES-Arzola to "get down." Subsequently, BPAs initiated a stop which resulted in their arrest.

The complainant states the name of the Material Witness is as follows:

| **NAME** | **PLACE OF BIRTH** |
|---|---|
| Alejandro FLORES-Arzola | Mexico |

Further, complainant states that the Material Witness is a citizens of a country other than the United States; that said alien has admitted that he is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and that he is material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.